**Appeal No. 16-4117**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

---

Superintendent William Dodds; Highland Local School District; Principal Shawn Winkelfoos; Board of Education of the Highland Local School District,

Third-Party-Defendants Appellants,

v.

United States Department of Education; John B. King, Jr., Secretary of Education; United States Department of Justice; Loretta E. Lynch, United States Attorney General; and Vanita Gupta, Principal Deputy Assistant Attorney General,

Defendants,

and

Jane Doe, a minor, by and through her legal guardians Joyce and John Doe,

Intervenor-Third-Party-Plaintiff Appellee.

---

On Appeal from the United States District Court
for the Southern District of Ohio
Civil Case No. 2:16-cv-524 (Honorable Algenon L. Marbley)

---

**THIRD-PARTY-DEFENDANT-APPELLANTS' MOTION TO STAY PROCEEDINGS PENDING THE UNITED STATES SUPREME COURT'S RESOLUTION OF *GLOUCESTER COUNTY SCHOOL BOARD V. G.G.***

---

David Langdon, OH 0067046
LANGDON LAW, LLC
8913 Cincinnati Dayton Road
West Chester, Ohio 45069
(513) 577-7380
(513) 577-7383 Fax
dlangdon@langdonlaw.com

Douglas G. Wardlow, AZ 032028
Jeana Hallock, AZ 032678
Gary S. McCaleb, AZ 018848
ALLIANCE DEFENDING FREEDOM
15100 North 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
soban@ADFlegal.org
dwardlow@ADFlegal.org
jhallock@ADFlegal.org
gmccaleb@ADFlegal.org

Matthew John Markling (0068095)
Lead Attorney
Sean Koran (0085539)
Patrick Vrobel (0082832)
MCGOWN & MARKLING CO., L.P.A.
1894 N. Cleveland-Massillon Road
Akron, Ohio 44333
(330) 670-0005
(330) 670-0002 Fax
mmarkling@mcgownmarkling.com
skoran@mcgownmarkling.com
pvrobel@mcgownmarkling.com

*Counsel for Third-Party-Defendants Appellants Board of Education of the Highland Local School District, Superintendent William Dodds, and Principal Shawn Winkelfoos*

Pursuant to Federal Rule of Appellate Procedure 27 and Sixth Circuit Rule 27, Third-Party-Defendant-Appellants Board of Education of the Highland Local School District ("Highland"), Shawn Winkelfoos, and William Dodds (collectively, the "Highland Appellants") respectfully request that this Honorable Court stay this appeal pending the decision of the United States Supreme Court in *Gloucester County School Board v. G.G.*, No. 16-273. This Honorable Court already granted Highland's stay request in the related appeal of *Bd. of Educ. of Highland School v. United States Dep't. of Educ.*, 6th Cir. No. 16-4107 (Doc. 27).

A stay of proceedings is warranted here because when the Supreme Court decides *G.G.*, it will address relevant issues and likely direct the resolution of this case. A stay is in the interest of judicial economy—saving the Court and all parties from expending substantial resources on briefing issues which are directly implicated in the pending *G.G.* case and limiting the risk of creating inconsistent or simply short-lived legal precedent regarding *Auer* deference and the interpretation of Title IX in the Sixth Circuit. Moreover, a stay will not unduly prejudice any other party.

**ARGUMENT**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Jewell v. Davies*, 192 F.2d 670, 673 (6th Cir. 1951) ("[T]he power to make [a stay] order is incidental to the power of the court to control the disposition of the

case on its docket. This power is not affected by the fact that the parties in the two causes are not exactly the same or that the issues in each were not identical."). Staying a case pending the resolution of another is proper when issues relevant to both cases are likely to be addressed, particularly when the other proceeding is likely to decide, or to contribute to the decision of, the factual or legal issues presented. *See Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (remanding damages claim to district court with instructions to stay proceedings pending resolution of another case that had recently been heard by the Supreme Court which would likely decide the question of liability for damages). *See also Smith v. United States*, 254 F.2d 865, 869 (6th Cir. 1958).

Here, the Supreme Court's resolution of *Gloucester County School Board v. G.G.* is likely to be dispositive of this appeal. *Gloucester County School Board v. G.G.* centers on the Department of Education's ("DOE") determination that "sex" in Title IX and its implementing regulations turns not on the physiological differences between men and women, but on a person's "gender identity." The Fourth Circuit, citing *Auer v. Robbins*, 519 U.S. 452 (1997), held that DOE's construction was controlling. *G.G. ex rel. Grimm v. Gloucester County Sch. Bd.*, 822 F.3d 709, 723 (4th Cir. 2016). In agreeing to review the Fourth Circuit's decision, the Supreme Court granted certiorari on two questions: (1) whether the Fourth Circuit properly deferred to the agency's interpretation under *Auer*, and (2) whether, regardless of deference to the agency, DOE's specific interpretation of Title IX and 34 C.F.R. § 106.33 should be given effect. *Gloucester*

*County School Board v. G.G.*, 137 S. Ct. 369 (Mem.) (2016) (No. 16-273); Petition for Writ of Certiorari, *Gloucester County School Board v. G.G.* (Aug. 29, 2016) (No. 16-273), 2016 WL 4610979, at *i.

These two questions are at the heart of the present appeal. In this case, the District Court for the Southern District of Ohio ("District Court") granted Doe's motion for a preliminary injunction requiring Highland to treat Doe as a girl, including "allowing her to use the girls' restroom at Highland Elementary School." PI Order at 43. In reaching this determination, the District Court held that Doe was likely to prevail on the merits of Doe's claim that Doe—a biological male—had been denied access to the communal girls' restroom on the basis of sex in violation of Title IX. Specifically, the District Court found that the Defendant's "interpretation of Title IX"—namely, that sex for purposes of Title IX must be determined according to gender identity and not human reproductive physiology—"is entitled to *Auer* deference and given controlling weight." PI Order at 29. Applying that interpretation, the District Court concluded that Highland's refusal to admit Doe to communal girls' restrooms violated Title IX. *Id.*

Highland Appellants have thus asked this Court to review whether the term "sex" in Title IX refers to an innate, binary trait defined according to reproductive role (a reading that would exclude the possibility that "sex" in Title IX may be determined according to gender identity), and whether the Department's interpretation of the term "sex" in Title IX to include "gender identity" is entitled to

deference. *See* Civil Appeals Statement, Doc. No. 20. These are precisely the same issues that the Supreme Court will decide in *G.G.* Accordingly, the Supreme Court's decision in *G.G.* will thus dispose of the most important legal issues in this case.

The District Court's order granting Doe's motion for preliminary injunction was also based in part on the District Court's determination that Doe is likely to succeed on Doe's claim that Highland's provision of single-user restrooms for Doe's use (as opposed to allowing Doe to access the communal girls' restrooms) constitutes discrimination on the basis of sex in violation of the Fourteenth Amendment. *See* PI Order at 40. Though the question of whether sex discrimination for purposes of the Equal Protection Clause includes discrimination based on gender identity is not directly before the Supreme Court in *G.G.*, the Supreme Court will address the question of whether Title IX's prohibition of discrimination based on sex includes discrimination based on gender identity. The Supreme Court's opinion on that question will no doubt provide significant guidance to this Court on the related equal-protection question.

Accordingly, an immediate stay is in the interests of judicial economy. Granting a stay will enable this Honorable Court to conserve judicial resources by not expending substantial time and effort dealing with an appeal which will almost certainly be disposed of by the Supreme Court's opinion in *G.G.* Likewise, the parties will not expend significant resources drafting briefs for an appeal based on legal questions that the Supreme Court is set to decide. The Court's time will be better

spent considering well-thought-out arguments based on proper legal analysis guided by the Supreme Court's resolution of *G.G.*

Finally, no party will be unduly prejudiced by a stay pending the Supreme Court's resolution of *G.G.* Were this appeal to proceed through briefing, argument, and decision, the opinion would likely issue about the same time (late spring to early summer) that the *G.G.* decision would issue. Indeed, oral argument in *G.G.* has been set for March 28, 2017. Moreover, Doe's motion for a preliminary injunction was granted by the District Court, and that preliminary injunction will remain in place during the period of the stay. Because Doe's preliminary relief will remain in place, Doe will lose nothing by virtue of the stay.

And while Highland Appellants properly argued that they are suffering irreparable harm in their response to Doe's motion for a preliminary injunction, it reasonably appears that the key legal issues will be resolved by *G.G.* within about the same time frame as proceeding with the instant appeal. Moreover, this Honorable Court already granted a stay in the related appeal, No. 16-4107. Consequently, a stay will have only one significant effect: it will preserve all of the parties' resources pending resolution of the legal questions that will drive the outcome of this case.

## CONCLUSION

For all of the foregoing reasons, Highland Appellants respectfully request that this Court grant their motion and stay the instant appeal pending the Supreme Court's resolution of *Gloucester County School Board v. G.G.*

Date: February 13, 2017

Respectfully submitted,

*/s/Mathew John Markling*

Douglas G. Wardlow, AZ 032028
Jeana Hallock, AZ 032678
Gary S. McCaleb, AZ 018848
ALLIANCE DEFENDING FREEDOM
15100 North 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
soban@ADFlegal.org
dwardlow@ADFlegal.org
jhallock@ADFlegal.org
gmccaleb@ADFlegal.org

David Langdon, OH 0067046
LANGDON LAW, LLC
8913 Cincinnati Dayton Road
West Chester, Ohio 45069
(513) 577-7380
(513) 577-7383 Fax
dlangdon@langdonlaw.com

Matthew John Markling (0068095)
Lead Attorney
Sean Koran (0085539)
Patrick Vrobel (0082832)
MCGOWN & MARKLING CO., L.P.A.
1894 N. Cleveland-Massillon Road
Akron, Ohio 44333
(330) 670-0005 (tel.)
mmarkling@mcgownmarkling.com
skoran@mcgownmarkling.com
pvrobel@mcgownmarkling.com

*Counsel for Third-Party-Defendants Appellants, Board of Education of the Highland Local School District, Superintendent William Dodds and Principal Shawn Winkelfoos*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2017, I filed the foregoing document, entitled Third-Party-Defendant-Appellants' Motion to Stay Proceedings Pending the United States Supreme Court's Resolution of *Gloucester County School Board v. G.G.*, through the Court's ECF system which will effectuate service on all parties.

*/s/ Matthew John Markling*